we'll move on to the last case we argue Connecticut Citizens Defense League versus Lamont. Mr. Jensen on the line just want to make sure he's on. Yes your honor I'm here okay although I'm the employee so yep no I wanted to make sure you were on so that we didn't have half the argument without without you hearing it. Mr. Finucane you can proceed. Thank you your honor every reserved two minutes for rebuttal. Good morning and may it please the court Stephen Finucane assistant attorney general and along with me attorney Matthew Beiser assistant attorney general for the state of Connecticut and beyond and on behalf of Governor Lamont and Commissioner Rivela respectfully requesting your honors reverse and vacate the preliminary injunction issued by the district court below. The district court erred in in two principal ways. First it abused its discretion in issuing such an extreme and an extraordinary measure a preliminary injunction against a sitting governor and leading public safety commissioner for the state of Connecticut during an unprecedented health pandemic and second the court incorrectly applied the standing doctrines and incorrectly determined that the various individual and organizational plaintiffs had standing in the case. Concerning the I should I should interject that I think that mootness is a is an issue here too and it may be that it's properly viewed it's mootness and not standing but go mootness however we view it certainly jurisdiction was and is a problem in this case for this specific relief that was issued in the injunction and the primary concern is that there wasn't jurisdiction to issue the relief that was actually issued so the specific order that was issued dealt with fingerprinting by the Department of Emergency Services and Public Protection and there was no plaintiff in this case at any time that needed or was deprived of fingerprinting services from that agency at the outset of the case. The fingerprinting has resumed correct? Yes your honor. And what what I'm not sure what we are fighting about here. Your honor. Time there is an injunction issued at the beginning of a case before development of a record and especially against the two leading officials of the sovereign state of Connecticut in the public safety realm that's concerning to us into those officials and we want to make sure that that is reviewed but also when we consider and this also ties in the abuse of discretion issue as well as the jurisdictional issue when we consider the time this happened this was a big deal at a very volatile time we were coming out of phase one of the COVID pandemic and trying to assess and grapple with what phase two would look like with winter coming so this order which respectfully was unnecessary and didn't actually help any plaintiff in this case in any meaningful way bound and handcuffed these two officials to the extent they needed to make adjustments you know I understand your concern but it didn't help them in any meaningful way maybe before we get to the problems of enjoining a governor and his public safety people I mean to help me out with that there were six individual plaintiffs yes right okay one of them already had his fingerprints taken locally right mr. Davis yes three of five five of them had sued now this is we're talking June 1 at the time at that time five of them had the had the the local authorities had withdrawn their block and they were ready to or did do the fingerprinting that that these plaintiffs wanted so as to those five people that so they got the fingerprints you know so then then the question is did they what about okay having the fingerprints what these six people their next interest was okay we have our fingerprints or we can get our fingerprints now let's get let's get the license from the state and the state had said by June June 1 okay we're now back in the business of giving licenses it's you know we'd had said no but now we're back in the business of giving licenses so what are these six people as of June 1 what do these six people want that they don't that they don't have access your honor that's a great question and in all candor to the court I don't know I've been I've been asking myself that what do they want for them specifically yes right so three of them actually your honor had already been fingerprinted mr. Gervais miss Brown and Coleman had all been fingerprinted before the lawsuit was even filed and Lohman Jones and Skilton had reached a stipulation with their respective municipalities to allow them to be and certainly by the time we're at the injunction order there's no individual in this case that needs fingerprinting services at all and certainly none from despy so what's left let me ask you this if if a person who has a a an eligible an eligibility certificate to have a pistol wishes to acquire a second firearm do they have to have fingerprints taken again and or do they have to get another permit I don't believe so your honor I believe if they have that if they have the eligibility certificate they can as long as they are in in compliance with the terms of that certificate they can they can assemble an arsenal is that I don't know if they can say an arsenal you're just asking because it has to do with whether these people have some continuing interest in access to the to these these permitting facilities yeah your honor my understanding is they can obtain additional additional pistols but it's not in that we are your understanding is that the answer to that is not in the record one way or the other I'd have to review the statute your honor my apologies I'm not asking about the statute the question being asked well okay fair enough but as far as as we we don't know whether one or one per per weapon or one per hundred automatic rifles or whatever it is we don't know that in terms of what we have in front of us so far as you know I believe that's correct your honor so so what we're left with after we review the individual's interest or lack of interest is it appears that both these organizational planted plaintiff in the district court we're seeking to address concerns of non parties which whether we call it mootness standing or any other just ripeness even the wrong party in litigating an issue is a jurisdictional problem so here there was even extensive argument and questioning at the hearing of well isn't there a statewide problem isn't there people from East Canaan and Suffield and Windsor and Wethersfield no such people are bringing a case in controversy before the court so their interests their rights or complaints could not serve as a legitimate basis to invoke jurisdiction I do see my time has expired may I finish my thought yes you can finish your thought thank you so so really I think this issue turns on the CCDL's claims of organizational standing I'm happy to address them either now or in rebuttal as your honor I wanted to ask I'm still trying to get a handle on what's really at stake the injunction is still in place yes yes your honor and what is it what is the effect of the injunction the effect of the injunction is that the the fingerprinting essentially cannot be ceased the the act the order itself was repealed is how was resolved so the governor issued an executive order repealing section two and so the the executive order is no longer in place that section of the executive order is no longer important section work that's the only section we're concerned about right with yes with a caveat section 3 which is still in place allows the continual renewal of permits to the extent they need to be renewed but yes for purposes of the appeal yes but your honor so why why what are we being asked I mean what why is the state appealing I mean does the governor want to reinstate the executive order no your honor there's not an intention at this time certainly we're doing a lot better thank goodness in the in the crisis we don't know what the future will hold but there's two other issues and governor wants to make sure that he has the ability to reimpose the executive order in the future is that is that what's going on I mean this goes back to really where we started with judge sack and it you know why why isn't this move your honor it could it possibly and likely is move I thought I understood your honors question is is why are we here or what really are we in addition I mean reason I asked the question because it seems to me that this may be moved and I don't you know and actually this is the third time this week we were we've had kovat issues and there's a question of whether because everything is changing whether there still is an actual case or controversy in other words we hope it's we hope it's smooth your honor and and two other things if I could just mention that we think council let me just see if I can't get straight what my colleagues are focusing on what is it the governor cannot do and the what is it that the Department of Emergency Services cannot do today that they could do before this injunction was issued they cannot suspend fingerprinting services at the despy headquarters if they believed it was necessary and the state statute requires them to take the fingerprint so and this is in the record the main concern when the state statute requires them to do it and you're saying then they'll then I don't I don't see what this injunction does it well the injunction required the governor to modify the order in place at the time so worth God forbid were there to be an outbreak of kovat at despy headquarters and the people who take the fingerprints couldn't come in to do it in theory they'd be in violation of a federal court order two other quick points your honor on why this matters one we believe the presidential now published decision of the district court below is wrong especially on the organizational standing doctrine which were concerned about how that would be interpreted in other cases throughout the district and everything if this whole appeal is moot then you'll still have that opinion there won't you yeah well the if this appeal is moot yes if your honors were to find that this was all moot at the time and that is the order shouldn't have issued and that would be different how would it be different you still have the opinion out there but it would be we would hope that it we would hope it would be we could read it but we would hope that it would be vacated and reversed as improperly granted for want of jurisdiction thank you well you could also I mean we also have the ability to vacate the decision if the case is indeed moot yes run all right let's hear from mr. Jensen thank you thank you your honor may it please the court and sorry for the delay I had to unmute my computer um so look most significantly first and foremost when the district court issued its injunctions the defendants the state defendants the ones that are still parties to this case for refusing to take fingerprints that meant which of these people were asking for to have their fingerprints taken by the state I understand they all wanted the license but I thought they were having their fingerprints taken locally and not by the state yeah that route that is really not a fair characterization of what's going on in the what's being alleged in the complaint and put before the court for resolution we've got six individual plaintiffs here all right five of those plaintiffs and that's in the complaint that's the first section of the complaint is going through their allegations the basic allegation is COVID happened there was an emergency order that's from the governor that said police departments can stop doing fingerprinting and the DESPP immediately announced we are no longer doing fingerprinting it was up on the website it was unambiguous once that happened the only way that anyone could get a license to acquire a firearm was if they could apply for a local permit so all of these five individuals contacted their local police departments and said hey are you processing them they said no end result there's nothing they can apply for so to say that they never came to state police seeking licenses we sued state police saying you guys aren't taking fingerprints so we can't apply for licenses from you but this this this this preliminary injunction does not run against the police chiefs no it wouldn't they had already resumed licensing but DESPP had not if you wanted to apply for a handgun eligibility certificate none of your none of your clients or applying for a long gun or handgun eligibility certificate so they were not applying to the to the department none of my plaintiffs were applying to anyone because no one was accepting applications I know but if they were all the lead everyone was accepting applications your clients seeking pistols would be applying to a chief of police my clients were seeking firearms or ammunition not necessarily handguns no one ever specified I only want a locally issued pistol permit or I only want a state-issued eligibility eligibility certificate they said I want to be able to acquire firearms and ammunition and because of these defendants actions I can't do it and you know it's significant that at the district court this isn't the it was being made there was no dispute the DESPP was refusing to do fingerprints for eligibility certificates and there was no credible argument at least or substantial argument that that wasn't doing it now are they doing prints now yes they are have any of your clients of the six have any of them sought and locally well the sixth plaintiff if you look at his allegations which follow the initial five plaintiffs it's pretty clear in his case he sub got his fingerprints taken before everything shut down locally so he was not so he was not stopped by it but by the state from having taken because they were already taken well yes and no he was stopped because initially they weren't processing licenses at all I'm trying to make it in my head such as it is I'm fingerprinting state fingerprinting and state licensing and it seems to me the problem that that you're referring to is state licensing and that's of these six people not the world these six people with state licensing was their problem and not state fingerprint that's what I thought well with Gervais the issue was just state licensing because he had already applied for that initial permit before the court issued its injunction the state had in fact resumed processing licenses so the injunction said state start taking fingerprints again that didn't really have anything to do with his claim for relief and that's why all of the other plaintiffs up until the court issued that injunction they didn't have a license they didn't have an application in and they did not have the that status quo didn't change until the court issued its order you're saying that before the court issued its order they did not have the ability to go to their local who were originally defendants to go to their local authority and have fingerprints they did not know they had the ability one they had the ability to go to the local authority to get a permit to carry a handgun if they which includes a fingerprint correct they had the ability to do that but what we haven't there's nothing in the record that indicates any of them had in fact done that but so long as they could do that so long as they as of June 1 if they could get their fingerprints and then they and a local license and then as of June 1 they could forget fingerprints in the state level they could go to the state permit what else did they need why what is good I'm sorry what if they want the eligibility certificate instead of the carry permit it cost it cost a hundred and forty dollars to apply for a carry license then then then you would apply then you'd apply to the Department of Emergency Services and your clients did not they didn't they didn't even seek to there was no point seeking to because as alleged in the complaint as well as in their affidavits DES PP had already announced we are not doing your fingerprints when they put a sign up on their websites that says on their website that says we're not processing this there's they've already told you they're not going to process your application you don't need to call up and say are you processing that yeah but that surely that applies to everybody but it seems to me that if you want to have and defend an injunction against the governor and a Department of Public Safety you should be able to identify plaintiffs who are who are seeking a long gun eligibility certificate or handgun eligibility certificate and you're you weren't saying your clients sought it or wanted it you're saying that they heard that you couldn't get it and so they didn't apply to but that's true of everybody in the state no I'm saying that they wanted it but given that the defendants had announced unequivocally they weren't doing it so did they need to go down there and knock on the locked door and take video of it no but they need to say that they wanted to get a eligibility certificate for a long gun or handgun because that's what you get from the Department of Emergency Service you can't just say I don't know what I was it was closed I mean you're getting an injunction against the state on a matter that that bears upon public safety what did your clients are they able to avert that they were deprived of an opportunity to get an eligibility certificate for a long gun or handgun well yes that's what they have averted it's I mean the very first paragraph of the complaint says the issue is the defendants are not allowing the plaintiffs to apply for firearm certificates eligibility eligibility certificates or permits meaning permits to carry handguns as of June 1 could they that's firearms as of June 1 of the hearing date could they know that they were not I've got to go back and the local police chiefs all ultimately agreed to resume printing when with was that before or after the injunction that was before the injunction and and my question is and maybe the answer is you have to go back and find out but my question is as of June 1 having that in hand could they go to the state authority forget the fingerprints could they go with the local fingerprints and could they then go to the state and and and get a state license if they had been able to obtain the carry permit from local authority okay subject to a discretionary which which which they which these particular plaintiffs could have done by that time because these because those local authorities had changed their mind and said okay we're granting them now they could have gone to their local authorities and applied for permits to carry handguns which they may have been able to obtain but they could not get eligibility certificates which would they would have had an of right entitlement to not a discretionary entitlement from whom from DES PP DS PP is the only one who issues elevate eligibility certificates if you don't want to have to satisfy a suitability standard and you don't want to pay a hundred and forty dollars and all you want to do is engage in the core right of keeping a handgun in your home the license you need is the handgun eligibility certificate that wasn't available as of June 1 but you do get but you do get a temporary permit that lasts 60 days once you get fingerprinted and and get a temporary permit from the local police chiefs correct that is correct but it's not and you have and then you have 60 days to apply for the eligibility certificate and that was extended you have 60 days to apply for a state issued permit to carry a gun if you just apply for an eligibility certificate it is a one-step process if the fee is and there's not a suitability standard or a may issue discretionary standards you have to get through someone could very rationally say you know what I want a handgun to protect my home I don't care about carrying the gun around in public and I don't want to subject myself to the additional burdens of the state permit or the local permit to carry a handgun I just want an eligibility certificate and that's just not available that was still not available as of June 1 they were not issuing them as of June 1 they were not processing the fingerprints until June I'm talking about eligibility certificates you need you need state fingerprints in order to have an eligibility search certificate is that what you're saying if you apply for an eligibility certificate you must get fingerprinted by DESPP if you instead of that they were not doing that they were not doing I said apply for a permit to carry a handgun you have to apply locally that is the practical practice what's the difference between a handgun and a pistol if any for purposes of this discussion there's none okay the difference between the eligibility certificate and the carry permit is an eligibility certificate does not allow you to carry a gun around in public for your protection this is bite at the store take it home keep it there go to a gun range with it locked in the trunk only available from the state with a state with state fingerprints the state fingerprints are necessary for the basic possession license for the eligibility let's use the eligibility certificate the state you must you cannot use local fingerprint in fingerprints at that time that is correct and the entire focus of the argument when the court was issuing the injunction wasn't oh they haven't adequately alleged that they want to apply for eligibility certificates that was a given it was hey we said we're gonna do this on our own in a week so isn't this mute the mootness argument we're hearing now didn't come up until the appeal and I get I get it mootness goes to subject matter you don't waive it by not making it in the court below but if we're gonna just start talking freewheel about whether the case is moot well it's now May of 2021 what is the possibility the realistic possibility we're not talking about whether it's moot now we're talking about whether it was moot at the time we're really the notion that we hear a case three years later and it's moot no that's really not what we're saying we're trying to figure out what was the situation as of the June when it went into when it was entered and later in June when it went into effect and whether it was moot at that time not at this stuff that's that's that's that's correct in terms of looking at the propriety of the injunction the question is whether it was moot at that time right if it's moot now then the appeal may be moot correct that yeah I that seemed to which is a different that's a different time that is a different issue yes um judges I am way way over on my time I appreciate that you've been so interested in talking to me but unless you have any more questions I I should conclude thank you mr. Finnegan we'll hear from you your rebuttal thank you your honor three quick points if I may first the local permit in question actually provides the broadest type of rights after it's converted to a full state permit so the long gun eligibility the state handgun permits the the ammunition all of those rights that come with those limited certificates you get when you get the pistol permit that is to get you town and then is converted to the state first second their adversary is saying I think that your adversary was saying yeah that's true but if you don't want all of that you just want the the eligibility you have I mean I'm sorry if you do want get that you have to get that you have to pay 150 bucks whereas otherwise you wouldn't have to pay 250 bucks to keep the to get what you need from the state in order to keep the pistol in your home if that makes any sense that's his argument your honor I just I think it's a distinction without a legal legally significant difference here ultimately there was an order about fingerprinting and there was nobody in this case at the time of the hearing that couldn't get fingerprinted and three of them had already been fingerprinted second the the representation of what they wanted or what they were going to do I believe judge Jacobs touched on this the argument is that local fingerprints weren't adequate for certain things that and you had to have state fingerprints our understanding is that's not correct I don't believe it's in the record but our understanding is just be would have accepted local fingerprints for processing however even if that were to the case once they can get to the once they've resolved their fingerprinting concerns municipalities they have a route to get firearms during an emergency which is really what this do they have an opportunity at that point they did and also there is no representation let's be very clear about the record in this case there's no sworn declaration affidavit anywhere in this record not even in the complaint that any individual wanted to go and get one of these certificates and that they would have in fact if you look at their affidavits in support of the injunction itself they say they wanted the pistol permits and they blame the application of the municipalities application of the law that was that's arguably all that was even in the scope of the injunction narrow reading there however there's they can't just say on the brief for the first time on appeal oh well we might have wanted to go this other route they at least need somebody to say yeah actually wanted to go that route it's not in the record and finally the the extension issue I believe is important here so the there is a temporal aspect of the temporary permit and that in the order itself is extended to make sure nothing expires no one loses their permit and they can have it processed through the state these are all reasonable measures in an unprecedented time and respectfully the injunction should not have issued there was no there was no jurisdiction to issue the specific injunction and respectfully to the district court it was an abuse of its discretion to overreach in this unprecedented time thank you both we'll reserve thank you your honors that completes the arguments for today I'll ask the deputy to adjourn